UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv- 00835-CMA-MEH

TRISHA KAWAHAKUI and SHANNON HERNANDEZ,

    **Plaintiffs,**

v.

DUANE P CAMPBELL TRUST, d/b/a Pueblo West Campground and Arena, and
DUANE P CAMPBELL, an individual,

    **Defendants.**

## PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS ATTORNEY

COME NOW the Plaintiffs, Trisha Kawahakui and Shannon Hernandez, through counsel, and respectfully submit their Opposition to Defendants' Counsel's Motion to Withdraw as Attorney [Dkt 36] due to the prejudice it would cause to the Plaintiffs.

Plaintiffs would not oppose a motion to substitute attorneys, but leaving Defendants unrepresented at this stage of proceedings is problematic. Plaintiffs have just filed a motion to amend their complaint premised upon adding additional defendant entities and a cause of action for the fraudulent transfer of assets, relating to the discovery during depositions that Defendants had dissolved the Duane P Campbell Trust, transferred its assets to an LLC, and have otherwise sought to divest the named Defendants of liquidity. The two LLCs named in the proposed amended complaint will have to be represented by counsel. It may also be the case that the two trust entities cannot appear *pro se* via Defendant Campbell. It is therefore in Defendants' interest to have counsel, so as to avoid default.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Assuming the proposed amended complaint is accepted, Defendants will need to file an answer. In addition, Plaintiffs have issued subpoenas to the lawyer who dissolved the one trust, created another, reorganized one LLC, and created another; to the CPA who also is believed to have discoverable information about these transactions; and the bank where the existing defendants have accounts, as contemplated and discussed with Judge Hegarty during a recent telephone conference. We would not want to jeopardize Plaintiffs' ability to use this potentially important discovery because of a suggestion that the *pro se* parties didn't know how to respond or similar. We also have concerns that Defendant(s) acting *pro se* could delay proceedings, in that pro se parties are often afforded opportunities to re-do submissions that are incorrect or substandard.

For all these reasons we ask that in lieu of granting defense counsel's motion to withdraw that the Court instead provide Defendants two to three weeks to find substitute counsel, and set a telephone status conference for shortly thereafter. (We note that Plaintiffs' counsel is in trial March 21-23, 2022). We also propose that if the Court grants Plaintiffs' motion to amend the complaint that the Answer deadline be set for shortly after the scheduled telephone conference even if that is outside the standard 21 day response time. Meanwhile, we ask that Mr. Wilhelmi remain counsel of record for the time being.

ANDERSONDODSON, P.C.

/s/ Penn Dodson
**Penn A. Dodson**
penn@andersondodson.com
(212) 961-7639
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Kawahakui v. Duane P. Campbell Trust*
Civil Case No. 1:21-cv- 00835-CMA-MEH

Page 2