IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00835-CMA-MEH

TRISHA KAWAHAKUI, and
SHANNON HERNANDEZ,

    Plaintiffs,

v.

DUANE P. CAMPBELL TRUST d/b/a Pueblo West Campground Arena,
DUANE P. CAMPBELL,
PW CAMPGROUND LLC,
PUEBLO WEST CAMPGROUND LLC, and
DUANE P. CAMPBELL REVOCABLE TRUST DATED OCTOBER 18, 2021,

    Defendants.

---

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 1, 2022.**

    Before the Court is the Motion to Withdraw by Christopher G. Wilhelmi, counsel for Defendants Duane P. Campbell Trust d/b/a Pueblo West Campground Arena and Duane P. Campbell (together, "Defendants"). ECF 36. Plaintiffs oppose the Motion because "leaving Defendants unrepresented at this stage of proceedings is problematic." ECF 41 at 1. In lieu of granting the Motion, Plaintiffs request providing "Defendants two to three weeks to find substitute counsel, and set a telephone status conference for shortly thereafter." *Id.* at 2.

    Yet, the Motion was filed over three weeks ago, and no substitute counsel has entered an appearance. Moreover, the basis for the Motion is that Defendants "terminated (fired) the firm from further representation in this matter." ECF 36 at 2. Accepting this representation by Mr. Wilhelmi as an officer of the court, the Court must respect Defendants' choice to seek new counsel and not force Mr. Wilhelmi to continue representation. *See Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1171, 1203 (D.N.M. 2014) (noting that, in general, "[a] party has a right to be represented by an attorney of his or her own choosing . . ."); *see also Avalanche Equipment, LLC v. Williams-Southern Co., LLC*, No. 13-cv-02827-NYW, 2015 WL 3635861, at *6 (D. Colo. June 11, 2015) (accepting counsel's representation that he had been fired by the client to grant motion to withdraw). Accordingly, for good cause shown, the Motion [filed March 8, 2022; ECF 36] is **granted**. Mr. Wilhelmi's representation of Defendants in this matter is terminated.

    The Court directs Mr. Wilhelmi to forward a copy of this Minute Order to Defendants and to communicate to Defendants any pending case deadlines.

As to Defendant Duane P. Campbell, he is an individual and may participate in this case pro se. The Court cautions that he remains responsible for all discovery requirements and scheduled matters, including hearings, depositions, motions, and trial.

However, Defendant Duane P. Campbell Trust is an entity and thus cannot proceed in this court without representation by counsel. *Tal v. Hogan*, 453 1244, 1254 (10th Cir. 2006). It may not appear through a non-attorney officer or trustee. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). That requirement applies equally to all artificial entities. *Bedford v. Nowlin*, No. 20-7070, 2021 WL 3148953, at *1 n.3 (10th Cir. July 26, 2021). The failure to retain counsel can result in the imposition of sanctions, including default. *E.g., Dickerson v. EN Engineering*, No. 16-cv-01586-KHR, 2018 WL 3055775, at *2 (D. Colo. Mar. 13, 2018)

Therefore, it is ORDERED that Defendant Duane P. Campbell Trust shall retain counsel, who shall file an entry of appearance with the Court, on or before **April 29, 2022**.

It is FURTHER ORDERED that the Court *sua sponte* extends the deadline for Defendants to answer or otherwise respond to Plaintiff's Amended Complaint (ECF 44) to no later than **May 13, 2022**. Defendants' failure to comply with this Minute Order or other case deadlines may result in sanctions against them, including entry of default judgment.

It is FURTHER ORDERED that the Clerk of the Court shall **mail** a copy of this Order to Defendants and send all Court mail to Defendants at the following address until new counsel enters an appearance:

Duane P. Campbell
480 E McCulloch Blvd
Pueblo West, CO 81007